MEMORANDUM *
Fengsan Zhao, a native and citizen of China, petitions this Court for review of a Board of Immigration Appeals (“BIA”) decision summarily affirming an Immigration Judge’s (“IJ”) denial of his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.
Zhao argues that the IJ erred in ruling that he had not established that his wife was “forced” to have an abortion and to undergo involuntary sterilization within the meaning of 8 U.S.C. § 1101(a)(42)(B), which provides:
*924 a person who has been forced to abort a pregnancy or to undergo involuntary sterilization, or who has been persecuted for failure or refusal to undergo such a procedure or for other resistance to a coercive population control program, shall be deemed to have been persecuted on account of political opinion, and a person who has a well founded fear that he or she will be forced to undergo such a procedure or subject to persecution for such failure, refusal, or resistance shall be deemed to have a well founded fear of persecution on account of political opinion.
Zhao is correct that it would have been error had the IJ denied his claim on the ground that the threat of economic sanctions cannot render an abortion “forced.” See Wang v. Ashcroft, 341 F.3d 1015, 1020 (9th Cir.2003) (abortions were forced in light of government’s threats of economic sanctions including wage deduction, termination and “unreasonably high” fines). Indeed, we have stated that “ ‘forced’ is a much broader concept, which includes compelling, obliging, or constraining by mental, moral, or circumstantial means, in addition to physical restraint.” Ding v. Ashcroft, 387 F.3d 1131, 1139 (9th Cir.2004).
However, the IJ considered Wang and Ding, but found that the evidence falls short of establishing eligibility for asylum. A careful review of the record shows that, taken as a whole, Zhao’s testimonial and documentary evidence was vague and equivocal.
We cannot say this general and equivocal evidence compels a contrary result to that reached by the IJ. See Monjaraz-Munoz v. I.N.S., 327 F.3d 892, 895 (9th Cir.2003) (articulating standard of review for agency’s factual findings). Because substantial evidence supports the IJ’s finding that Zhao failed to establish that his wife was “forced to have an abortion or to undergo involuntary sterilization,” we must deny the petition for review. We need not, and do not, reach any other issue urged by the parties.
PETITION DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.